UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| EAGLE INDUSTRIES, LLC )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>UMR, INC. )<br>)<br>DEFENDANT. )<br>) | Civil Action No. 1:10-cv-00118 |

### ANSWER

With respect to the individually numbered paragraphs of the Complaint, UMR, Inc. ("UMR") admits, denies, and alleges as follows:

1. UMR states that it is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies same.

2. UMR admits the allegations in paragraph 2 of the Complaint.

3. With respect to the allegations in paragraph 3 of the Complaint, UMR states that this case has been removed to the United States District Court for the Western District of Kentucky, and, therefore, no response is required. To the extent a response is required, UMR denies the allegations in paragraph 3 of the Complaint.

4. With respect to the allegations in paragraph 4 of the Complaint, UMR admits that Eagle is the sponsor of a self-funded employee benefit plan that covers medical expenses for its employees and their covered dependents pursuant to the terms of the benefit plan, that Eagle Industries, LLC ("Eagle") entered into a contract with Fiserv Health Plan Administrators, Inc. ("Fiserv"), that a copy of a Claims Administration Services Agreement is attached to the

Complaint as Exhibit A, and that the terms of the agreement between Fiserv and Eagle are self evident. UMR denies the remaining allegations in paragraph 4 of the Complaint.

5. With respect to the allegations in paragraph 5 of the Complaint, UMR admits that Eagle purchased stop loss insurance from HCC Life Insurance Company and states that the terms of the stop-loss insurance policy are self evident. UMR denies the remaining allegations in paragraph 5 of the Complaint.

6. With respect to the allegations in paragraph 6 of the Complaint, UMR states that the terms of the Plan document and stop-loss policy are self evident. UMR denies the remaining allegations in paragraph 6 of the Complaint.

7. With respect to the allegations in paragraph 7 of the Complaint, UMR admits that it has assumed the obligations of Fiserv under the terms of the Claims Administration Agreement between Eagle and Fiserv and states that the terms of that agreement are self evident. UMR denies the remaining allegations in paragraph 7 of the Complaint.

8. UMR states that it is without sufficient information at this time to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and therefore denies same.

9. UMR states that it is without sufficient information at this time to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and therefore denies same.

10. UMR denies the allegations in paragraph 10 of the Complaint.

11. UMR incorporates by reference the preceding paragraphs of this answer as if fully set forth herein.

12. With respect to the allegations in paragraph 12 of the Complaint, UMR states that the terms of the Claims Administration Agreement between Eagle and Fiserv are self evident. UMR denies the remaining allegations in paragraph 12 of the Complaint.

13. UMR denies the allegations in paragraph 13 of the Complaint.

14. UMR denies the allegations in paragraph 14 of the Complaint.

15. UMR denies the allegations in paragraph 15 of the Complaint.

16. UMR denies the allegations in paragraph 16 of the Complaint.

17. UMR denies the allegations in paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

For its separate, alternative, and affirmative defenses, UMR alleges as follows:

1. The Complaint fails to state a claim against UMR upon which relief can be granted.

2. Any and all of Eagle's claims are preempted by ERISA.

3. Eagle's claims are barred to the extent it failed to comply with the conditions precedent of the Claims Administration Agreement and between Eagle and Fiserv.

4. Eagle's claims and damages against UMR are barred and/or limited by the terms of the Claims Administration Agreement and between Eagle and UMR.

5. The damages Eagle claims to have suffered may have been caused by persons or entities over which Fiserv has no control or legal responsibility.

6. Eagle's claims are barred by the doctrines of estoppel, waiver, laches, mutual mistake and/or unclean hands.

## DEMAND FOR JUDGMENT

WHEREFORE, UMR respectfully requests the following:

1. That Eagle's Complaint be dismissed with prejudice;

2. For its costs herein expended; and

3. Any and all other relief to which UMR may be entitled.

Dated this 27th day of July, 2010.

                                        Respectfully submitted,

                                        /s/ Brad S. Keeton
                                        P. Douglas Barr
                                        Brad S. Keeton
                                        STOLL KEENON OGDEN PLLC
                                        2000 PNC Plaza
                                        500 West Jefferson Street
                                        Louisville, KY 40202
                                        Tel: (502) 333-6000
                                        Fax: (502) 333-6099
                                        douglas.barr@skofirm.com
                                        brad.keeton@skofirm.com
                                        -AND-
                                        Donald T. Campbell (*pro hac vice* pending)
                                        Brian W. Thomson (*pro hac vice* pending)
                                        Leonard, Street and Deinard
                                        150 South Fifth Street, Suite 2300
                                        Minneapolis, MN 55402
                                        Tel: (612) 335-1500
                                        Fax: (612) 335-1657
                                        donald.campbell@leonard.com
                                        brian.thomson@leonard.com
                                        *Counsel for Defendant UMR, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served electronically through the Court's ECF system this 27th day of July, 2010, upon the following:

Timothy L. Edelen
Bell, Orr, Ayers & Moore, PSC
1010 College Street
P.O. Box 738
Bowling Green, KY 42102-0738
Tel: (270) 781-8111
Fax: (270) 781-9027
edelen@boamlaw.com
*Counsel for Plaintiff*
*Eagle Industries, LLC*

      /s/ Brad S. Keeton
      *Counsel for Defendant UMR, Inc.*

645513.1